Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3330 | **DATE** | 2/10/2004 |
| **CASE TITLE** | Nancy Lambert vs. Pem-America, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

(1) Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Transfer Venue [Doc. No.3]
(2) Plaintiff's Motion for Injunctive Relief [Doc. No. 5]
(3) Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [Doc. No.12]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion and order, (1) Defendant's Motion to dismiss Lambert's Complaint as an improper anticipatory filing or in the alternative, transfer venue [Doc. No. 3] is DENIED; (2) Plaintiff's Motion to enjoin Defendant from proceeding in its cause of action filed in the Southern District of New York [Doc. No. 5] is GRANTED; however Defendant is granted leave to file any claims it may have against the Plaintiff as counterclaims to her Complaint; and (3) Defendant's Motion to dismiss Count II of Plaintiff's Amended Complaint [Doc. No. 12] is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 11 2004 date docketed | |
| X | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | | docket deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | slf (lc) courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 1 2 2004

| NANCY LAMBERT, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3330 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| PEM-AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Pem-America Inc.'s ("Pem-America" or "Defendant") motion to dismiss Plaintiff Nancy Lambert's ("Lambert" or "Plaintiff") Amended Complaint ("Complaint") as an improper anticipatory filing, or in the alternative, transfer this matter to the Southern District of New York. Further, if this Court does not dismiss or transfer Plaintiff's Complaint, Defendant moves to dismiss Count II of her Complaint. Additionally, Plaintiff requests that this Court enjoin the Defendant from proceeding with its cause of action filed in the Southern District of New York. For the reasons set forth below: (1) Defendant's motion to dismiss Lambert's Complaint as an improper anticipatory filing, or in the alternative, transfer venue is DENIED; (2) Plaintiff's motion to enjoin Defendant from proceeding in its cause of action filed in the Southern District of New York is GRANTED; however, Defendant is granted leave to file any claims it may have against the Plaintiff as counterclaims to her Complaint; and (3) Defendant's motion to dismiss Count II of Plaintiff's Amended Complaint is GRANTED.



## FACTUAL AND PROCEDURAL HISTORY

Lambert is a designer of quilts and other home products. Pem-America is a New York corporation in the business of designing home products for distribution and sale in the United States. From October 1, 1999 to February 15, 2003, Lambert designed more than 1,000 home decorating products, including quilts, throw pillows, window treatments, and bed skirts for Pem-America. On February 15, 2003, Plaintiff terminated her business relationship with the Defendants. One of the central disputes between the Parties is whether Lambert was an independent contractor (Plaintiff's position) when she designed home products for Pem-America, or whether she was an actual employee (Defendant's position). This dispute goes to the heart of the declaratory judgment relief Plaintiff is seeking, because designating Plaintiff as an independent contractor will mean she owns the copyrights to the home products she designed, while designating Lambert as an employee of Pem-America will mean that it owns the copyrights to Lambert's designs.

On May 19, 2003, Lambert filed suit in this Court, requesting declaratory judgment relief and alleging breach of contract. On May 22, 2003, three days after Plaintiff filed her action in this Court, Pem-America filed suit against Lambert in the United States District Court for the Southern District of New York (captioned PEM-America v. Nancy Lambert, Civil No. 03 Cv 3706), requesting declaratory relief related to the home products Lambert designed, and compensation for furniture in Lambert's possession–essentially a mirror image of the cause of action Plaintiff filed in this Court.

## DISCUSSION

Because Lambert's cause of action was filed in this Court prior to Pem-America filing its cause of action in the Southern District of New York, this Court must decide where these claims should be heard, and whether the Illinois Action or the New York Action should proceed. See Asset Allocation and Management Co. v. Western Employers Ins. Co., 892 F.2d 566, 572 (7th Cir. 1989); MSK Ins., Ltd. v. Employers Reinsurance Corp., 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002). For the reasons set forth below, this Court determines that this Court should hear the Parties' dispute.

### I. Was Lambert's Suit an Improper Anticipatory Filing

Defendant contends that Lambert's suit was filed in anticipation of its suit against her, and should be deemed an improper anticipatory filing. Pem-America contends that it is the "natural plaintiff" in this suit, and should have the choice of forum. Defendants are correct when they assert that, "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way." Allendale Mut. Ins. Co. v. Bull Data Systems, Inc., 10 F.3d 425, 431 (7th Cir. 1993) (citing Tempco Elec. Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 747 (7th Cir. 1987)). However, Pem-America does not provide sufficient evidence to demonstrate it was the "natural" plaintiff in this dispute, and that Lambert's decision to file suit at the moment she did was a race to the courthouse. Both parties have an interest in determining Lambert's relationship to Pem-America and who rightfully owns copyrights to the products she designed. If a declaratory judgment action, "will clarify and settle the disputed legal relationship and afford relief from the

-3-

uncertainty and controversy that created the issues, it is usually resolved rather than dismissed." Nuccor Corp. v. Aceros Y Marquilas de Occidente, S.A. de C.V., 28 F.3d 572, 578 (7th Cir. 1994) (citing Tempco, 819 F.2d at 749). Therefore, this Court will not dismiss Lambert's Complaint as an improper anticipatory filing.

## II. Motion to Transfer Venue

Pem-America contends that even if Lambert's suit is not deemed an improper anticipatory filing, her suit should be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a) (" § 1404(a)"). Under § 1404(a), a court may transfer a civil action, "for the convenience of the parties and witnesses, in the interest of justice." Transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of parties and witnesses; and (3) transfer is in the interests of justice. Barnes v. Rollins Dedicated Carriage Services, Inc., 976 F.Supp. 767, 768 (N.D. Ill. 1997). Whether a transfer is appropriate pursuant to § 1404(a) is left to the sound discretion of the trial court. Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D. Ill. 1999) (citing Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986)). Pem-America, the moving party, has the burden of showing that, "the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20. The parties do not dispute that venue is proper in both this Court (the transferor court) and the Southern District of New York (the transferee court). Therefore, this Court will address the second and third prongs of the test to determine whether transfer of this matter to the Southern District of New York is appropriate.

### A. *Convenience of Parties and Witnesses*

The court considers three factors in order to determine if transfer is convenient for parties and witnesses: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience of the parties litigating in the respective forums. Barnes, 976 F.Supp. at 768. Each of these elements will be addressed in turn.

#### *1. Plaintiff's Choice of Forum*

In general, a plaintiff's choice of forum is entitled to substantial deference, particularly if that choice is also the plaintiff's home forum. Central States, Southeast and Southwest Area Pension Fund v. Salasnek Fisheries, Inc., 977 F.Supp. 888, 890 (N.D. Ill. 1997). At all relevant times, Lambert resided in Illinois. Therefore, this Court is Plaintiff's home forum, and her choice of forum will be given substantial deference.

#### *2. The Site of Material Events*

While engaged in business for Pem-America, Plaintiff worked for Pem-America from her Illinois home, and her Illinois office. Therefore, this factor also weighs in favor of the Plaintiff.

#### *3. Availability of Evidence in Each Forum*

Defendant argues that because the Plaintiff has submitted much of the relevant evidence in this case to Defendant's New York offices, this favors litigating the case in the Southern District of New York. However, Pem-America must demonstrate that it cannot bring crucial documents to this district. Arena Football League, Inc. v. Roemer, 947 F.Supp. 337, 341 (N.D. Ill. 1996). Pem-America has not demonstrated that this relevant evidence could not be returned to

Illinois in an expeditious and economic manner if the cause of action is litigated here. Because evidence is readily accessible to either Court, this factor weighs in favor of neither party.

*4. The Convenience of the Parties Litigating in the Respective Forums*

When determining the convenience of the forum to the litigants, "the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum." Bryant, 48 F.Supp.2d at 834 (citing Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership, 807 F.Supp. 470, 474 (N.D. Ill. 1992)). Clearly, this Court is more convenient for Lambert, and the Southern District of New York is more convenient for Pem-America. Further, transfer is not appropriate if it, "merely transforms an inconvenience for one party into an inconvenience for the other party." Chemical Waste Management, Inc. v. Sims, 870 F. Supp. 870, 876 (N. D. Ill. 1994) (citing Sage Products, Inc. v. Devon Industries, Inc., 148 F.R.D. 213, 216 (N.D. Ill. 1993)). Therefore, convenience of one forum over the other does not weigh in favor of either the Plaintiff or the Defendant.

The Court must also consider the convenience of the Parties' witnesses. "The Court must consider not only the number of witnesses located in each forum but also the nature and importance of their testimony when weighing the convenience of the transfer to potential witnesses." Central States, 977 F. Supp. at 891 (citing Rohde v. Central Railroad of Indiana, 951 F. Supp. 746, 748 (N.D. Ill. 1997)). The moving party, Pem-America, "has the burden of showing who its witnesses are, the nature of their testimony and how important that testimony will be to the case." Id.

Three out of four of the critical witnesses Pem-America intends to call are employees. The convenience of employee witnesses does not weigh in favor or against transfer, as there is

-6-

presumption that Pem-America can assure the testimony of these witnesses. Central States, 977 F. Supp. at 891 (citing Roadmaster Corp. v. Nordictrack, Inc., Case No. 93 C 1260, 1993 WL 625537 at *5 (N.D. Ill. 1993)). In contrast, the Plaintiff lists five non-party witnesses who reside in Illinois. Therefore, this forum would be more convenient for witnesses, as the majority of non-employee witnesses reside in Illinois.

### B. Interests of Justice

Whether a transfer under § 1404(a) will serve the interests of justice, "embraces traditional notions of judicial economy rather than the private interests of the litigants and their witnesses." Bryant, 48 F. Supp. 2d at 834 (quoting TIG Ins. Co. v. Brightly Galvanized Prod., Inc., 911 F. Supp. 344, 346 (N.D. Ill. 1996)). The court makes considerations concerning whether litigants are more likely to receive a speedy trial in one district or the other, if the litigation is related to other litigation in either forum, and in a diversity action, having a federal judge try a case who is familiar with the applicable law. Coffey, 796 F.2d at 221. The interests of justice, "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." Id. at 220.

#### 1. Speed of Trial

The case management statistics comparing the Northern District of Illinois and the Southern District of New York show that the median time to case disposition is three months shorter in Illinois (5.5 months in Illinois compared to 8.3 months in New York). The median time to trial is three months shorter in New York (26.0 months in Illinois compared to 23.0 months in New York). Therefore, this factor favors neither the Plaintiff or Defendant.

## 2. *Relation of this Case to Pending Litigation*

In April 2003, Lambert was a non-party witness in an action pending in the Southern District of New York involving Pem-America, captioned Pem-America, Inc. v. Sunham Home Fashions, LLC, Case No. 03 Cv 1377 ("Sunham Action"). In that action, currently pending before Judge John F. Keenan of the Southern District of New York, Pem-America alleges infringement of its copyrighted design "Velvet Garden" by Sunham Home Fashions, LLC ("Sunham"). (Pl. Ex. C, p. 2). Pem-America urges that it is the author and owner of the design of "Velvet Garden" because it was created as a "work-for-hire." (Id. at 4). Sunham contends that the author and owner of the Velvet Garden design is Lambert and that designs she made for Pem-America were in the capacity of an independent contractor. (Id. at 5). During hearings related to Pem-America's motion for a preliminary injunction against Sunham, Judge Keenan took testimony and accepted briefing on the issue of whether Lambert was an employee or independent contractor. Therefore, Defendant maintains, the Southern District of New York is familiar with the facts and legal issues underlying Lambert's cause of action, which should weigh in favor of transfer to the Southern District of New York.

Plaintiff argues that in the Sunham Action, Pem-America takes the position that Lambert's status as an employee or independent contractor is irrelevant because Lambert had nothing to do with the creation of the "Velvet Garden" design that is the subject of the Sunham Action. (Pl. Ex. C, pp. 4-5). Pem-America's Vice President of New Product Development, Larry Shapow, testified that he created the "Velvet Garden" design based on work done by Pem-America's China supplier, Best Eastern. (Id. at 6). Judge Keenan accepted Pem-America's testimony on that point. (Id. at 7). As a consequence, Judge Keenan determined this finding

-8-

obviated the need to resolve the issue of whether Lambert was an employee of Pem-America or an independent contractor (Id.) Therefore, Plaintiff urges, the Sunham Action no longer directly addresses Lambert's employment status.

Plaintiff is correct when she asserts that the Sunham Action no longer directly addresses her employment status. However, because testimony was taken on Lambert's employment status, the Southern District of New York does have familiarity with the facts surrounding this issue. Therefore, this factor weighs in the Defendant's favor.

### 3. Having a Judge Familiar With Applicable State Law

The Parties' state law claims involve: (1) a dispute over the ownership of property that was purchased and is located in Illinois; and (2) money Pem-America is alleged to owe Lambert. Both claims are governed by Illinois law. See American Heavy Trading, Inc. v. General Electric Co., No. 93 C 3609, 1996 WL 556742 at * 3 (applying Illinois choice of law rules, holding that, "whether the defendant committed a conversion will be determined by the substantive law of the state where the alleged converter first exercised dominion over the chattel"); Barry Gilberg, Ltd. v. Craftex Corp., Inc., 665 F. Supp. 585, 591 (N.D. Ill. 1987) (applying Illinois choice of law, and holding that Illinois substantive law applied to an Illinois sales representative's action for compensation due from a New York manufacturer). Therefore, this factor weighs in Lambert's favor.

After weighing all factors, the Court determines that this case should not be transferred to the Southern District of New York. Plaintiff has chosen her home forum in which to litigate this cause of action. This is the situs of material events leading to this dispute between the Parties. Crucial evidence will be readily accessible to this Court. The majority of non-employee witnesses

reside in Illinois. Any state law claims will be governed by Illinois law. Although there is relevant pending litigation in the Southern District of New York, that Court determined that it need not decide whether Lambert was an employee or an independent contractor. Therefore, this Court does not have to concern itself with the possibility of conflicting rulings on Lambert's employment status if it does not transfer the case. This Court determines that the factors it must consider when determining whether to transfer this litigation to the Southern District of New York weigh in favor of allowing the Plaintiff to maintain her cause of action in this forum.

As a consequence of this Court's denial of Defendant's motion to transfer venue, Pem-America will be allowed to file its claims against Lambert in this Court as a counterclaim to Lambert's complaint. Therefore, Defendant is enjoined from proceeding in its suit filed against Lambert in the Southern District of New York. See Asset Allocation, 892 F.2d at 572 ("There is overwhelming case authority that the first court has the power...to enjoin the defendant from bringing a separate suit against the plaintiff in another court, thereby forcing the defendant either to litigate his claim as a counterclaim or abandon it.")

### III. Motion to Dismiss Count II of Lambert's Complaint

Because this Court has determined that it is the proper venue to hear the Parties' claims, this Court will rule on Pem-America's motion to dismiss Count II of Lambert's complaint. For the reasons set forth below, Count II of Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

*A. Legal Standard*

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court, "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir. 1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

*B. Analysis*

Pem-America contends that Count II of Lambert's amended complaint, alleging Pem-America's fraud on the Copyright office, should be dismissed. Pem-America argues: (1) Lambert's allegation that the copyright office would have rejected the copyright applications at issue is unsustainable as a matter of law; and (2) Lambert has failed to allege fraud with the requisite particularity needed to sustain her claim.

A party alleging fraud on the Copyright Office must allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud that office and that the Copyright Office would have probably denied the application if it had been made aware of the undisclosed information. O.T. Pickell Buildings, Inc. v. Witowski, Case No. 96 C 4233, 1998 WL 664949 at *5 (citing Whimsicality, Inc. v. Rubie's Costume Co., Inc., 891 F.2d 452, 456 (2d Cir. 1989); Santrayall v. Burrell, 993 F.Supp. 173, 175-76 (S.D.N.Y. 1998)). Many courts also have required a party alleging fraud to demonstrate that it was prejudiced by the alleged fraud. O.T. Pickell Buildings, 1998 WL 664949 at *6.

In Count II of her Complaint, Lambert alleges: (1) Pem-America submitted to the Copyright Office registration forms listing it as the author of the home products Lambert designed, and designating them "works made for hire" even though Pem-America knew that Lambert was the owner of the copyrights, and that she had never transferred ownership to Pem-America; and (2) If Pem-America had not intentionally defrauded the Copyright Office, it would not have issued the fraudulent registrations. Plaintiff's claim fails, as she cannot demonstrate that the Copyright Office would have denied Pem-America's copyright application if it had been made aware of allegedly undisclosed information. Lambert and Pem-America both have competing claims to the copyrights for the home products that Lambert designed. In a situation such as the one before the Court, where the Copyright Office is faced with competing applications, both applications are accepted and ownership becomes an issue to be decided by the Courts. Cherie Amie, Inc. v. Windstar Apparel Corp., 191 F.Supp.2d 343, 351 (S.D.N.Y. 2001). See also Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989). Therefore, Lambert can allege no set of facts that demonstrate that had the Copyright Office known that there were competing copyright claims for the products Lambert designed for Pem-America, it would not have issued copyrights to Defendant. Because the Court has determined that Lambert has failed to state a claim upon which relief can be granted in Count II of her Complaint, it need not address whether Lambert has plead fraud with the requisite particularity.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Lambert's Complaint as an improper anticipatory filing, or in the alternative, transfer venue is DENIED; (2) Plaintiff's motion to enjoin Defendant from proceeding in its cause of action filed in the Southern District of New York is GRANTED; however, Defendant is granted leave to file any claims it may have against the Plaintiff as counterclaims to her Complaint; and (3) Defendant's motion to dismiss Count II of Plaintiff's Amended Complaint is GRANTED.

Enter:

David H. Coar
United States District Judge

Dated: **February 10, 2004**